[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Gregory Mitchell, was indicted for, and subsequently found guilty by a jury of, burglary in violation of R.C.2911.12(A)(2). He raises three assignments of error, none of which we find to be well taken.
In his first assignment of error, Mitchell argues that it was error for him to be convicted based on circumstantial evidence, and that, as a result, his conviction should be reversed and he should be discharged. Because Mitchell's request for relief relates essentially to the sufficiency of the evidence, we address it under that standard. A claim of insufficient evidence is based on the argument that, with the evidence viewed in the light most favorable to the prosecution, there is a failure of proof on at least one element of the offense beyond a reasonable doubt.[1] When a sufficiency-of-the-evidence claim is sustained, the defendant is entitled to discharge because the prosecution's case-in-chief has not been proved as a matter of law.[2]
To prove the elements of burglary under R.C. 2911.12(A)(2), the state had to demonstrate in this case that Mitchell had purposefully trespassed with force, stealth, or deception in an occupied structure that was a permanent or temporary habitation while any person was present or likely to be present. Having reviewed the trial transcript and the exhibits, we conclude that there was sufficient evidence adduced at trial to support the jury's guilty verdict. While the prosecution was based largely on circumstantial evidence, the evidence established that two windows were broken at the residence and that a sports watch was taken from the residence. The occupants also testified that it would not have been unusual for one of them to be home when the burglary occurred. Further, sufficient evidence was presented connecting Mitchell to the burglary. The officers involved in the investigation identified Mitchell in court. The officers' testimony further supported Mitchell's involvement, because when Mitchell was apprehended, his hand was bleeding from an apparent cut, he was covered in mud, and he had a sports watch in his pocket. Although Mitchell denied any involvement in the burglary, there was sufficient proof of each element of the offense under R.C. 2911.12(A)(2). The first assignment of error is overruled.
The second and third assignments have been filed pro se in the form of a supplemental brief. In the second assignment of error, Mitchell contends that he was denied effective assistance of trial counsel. He contends that trial counsel should not have solicited evidence about his prior criminal record, that counsel should have moved for disclosure of all exculpatory and impeachment evidence, and that counsel should have sought to sequester the jurors individually to question them during voir dire.
Reversal of a conviction for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.[3] Nothing in the record demonstrates that counsel's performance was deficient. And even if we were to presume a deficiency, Mitchell has failed to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[4] The second assignment of error is, therefore, overruled.
Mitchell alleges prosecutorial misconduct in the third assignment of error. The test to determine whether there was prosecutorial misconduct is whether there were improper remarks, and, if so, whether they prejudicially affected the substantial rights of the accused.[5] Based on this record, we cannot say that the prosecutor's remarks about Mitchell's past criminal convictions were improper because they were admitted to impeach Mitchell's own testimony pursuant to Evid.R. 609. Because Mitchell's crimes had been committed in the prior ten years and involved dishonesty, the prosecutor was entitled to engage in impeaching Mitchell concerning his prior criminal record. Accordingly, we overrule the third assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997),80 Ohio St.3d 89, 684 N.E.2d 668.
[2] See State v. Thompkins, supra, at 386, 678 N.E.2d at 546-547.
[3] See Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
[4] See State v. Huff (Aug. 31, 2001), Hamilton App. No. C-000504, unreported.
[5] See State v. Lott (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293,300.